## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JUAN F. ORELLANA, | DOCKET NUMBER |
| Appellant, | PH-0752-23-0300-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: March 20, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Solomon</u>, Esquire, Tampa, Florida, for the appellant.

<u>Susan Tylar</u>, Esquire, Syosset, New York, for the appellant.

<u>Samir Yakhou</u>, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his demotion action for conduct unbecoming a supervisor. On petition for review, the appellant challenges the administrative judge's finding that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency proved the first specification of its charge.[2] Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

---

[2] To prove a charge of "conduct unbecoming," the agency must demonstrate that the appellant engaged in the underlying conduct in support of the broad label. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 4 (2012), *aff'd per curiam*, 522 F. App'x 913 (Fed. Cir. 2013).  A conduct unbecoming charge does not require proof of intent. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 14 (2014).  The essential elements of a charge concerning unacceptable supervisory conduct are:  (1) the employee was a supervisor; (2) the employee engaged in specified conduct touching on his role as a supervisor; and (3) the conduct was improper, or detracted from his character or reputation as a supervisor. *Hanna v. Department of Labor*, 80 M.S.P.R. 294, ¶ 4 (1998), *aff'd*, 18 F. App'x 787 (Fed. Cir. 2001); *Crouse v. Department of the Treasury*, 75 M.S.P.R. 57, 63 (1997), *rev'd and remanded on other grounds sub nom., Lachance v. Merit Systems Protection Board*, 147 F.3d 1367 (Fed. Cir. 1998).  The administrative judge used the general conduct unbecoming elements set forth above, and not the ones tailored to supervisory misconduct set forth in *Crouse*.  Initial Appeal File (IAF), Tab 38, Initial Decision at 2.  However, the record plainly reflects that the appellant is a supervisor.  IAF, Tab 5 at 31.  Because the established misconduct involved the appellant providing a reference for a subordinate, and therefore touched upon his role as a supervisor, any error in not identifying the proper standard was harmless as it did not adversely affect the appellant's substantive rights.  IAF, Tab 5 at 31, Tab 8 at 36-37; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The Board will not consider the appellant's new arguments on review that the
agency violated his due process rights, committed harmful procedural error, or
subjected him to disparate treatment due to a protected class.</u>

The appellant argues for the first time on review that the agency violated
his due process rights and committed harmful procedural error when the deciding
official allegedly did not consider one of the arguments that the appellant raised
in his reply to the proposed demotion. Petition for Review (PFR) File, Tab 3
at 8-9.[3] He also appears to argue that he experienced disparate treatment based
on "perhaps a protected class (race, national origin, etc.)" when the agency's
investigation allegedly did not follow the chain of command, that the agency
violated policy when crediting the criticisms of his subordinates, and that he was
held to a double standard when he was demoted for reasons not included in his
own performance appraisals. *Id.* at 11-13. The Board generally will not consider
an argument raised for the first time in a petition for review absent a showing that
it is based on new and material evidence not previously available despite the
party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6
(2016). The appellant has not made such a showing here.

The appellant alleges that he contested some of the facts underlying his
new claims during the proceedings below. PFR File, Tab 6 at 5-11. Regardless
of whether certain facts were addressed by the parties below in other contexts, the
record clearly reflects that the appellant did not raise any affirmative defenses
with his initial appeal, at the prehearing conference, in his prehearing submission,
in his discovery responses, or during closing arguments. Initial Appeal File,
Tab 1 at 4, Tab 22 at 4, 74, 87, 90, Tab 24 at 3, Tab 36 (closing argument of the
appellant's attorney). Therefore, we decline to consider these arguments for the

---

[3] The appellant also initially argued in his petition for review that the agency did not
advise him of the possibility of his two-grade demotion. PFR File, Tab 3 at 10.
However, we need not address this argument because the appellant has acknowledged in
his reply to the agency's response to his petition for review that the agency's notice of
proposed demotion provided the required information. PFR File, Tab 6 at 11; IAF,
Tab 4 at 178.

first time on review. *See Banks v. Department of the Air Force,* 4 M.S.P.R. 268, 271 (1980) (declining to consider a claim of harmful procedural error submitted for the first time on review when the appellant presented no new evidence that was not previously available when the record closed that would justify consideration of the issue); 5 C.F.R. § 1201.24(b) (requiring an appellant to show good cause for raising claims or defenses for the first time after the conference defining the issues in the case).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.